21-6009
Singh v. Garland

BIA
A205 936 654

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand twenty-three.

PRESENT:
STEVEN J. MENASHI,
BETH ROBINSON,
ALISON J. NATHAN,
*Circuit Judges.*

_____

HARJIT SINGH,
*Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

21-6009
NAC

**FOR PETITIONER:**     Lawrence Spivak, Esq., Jamaica, NY.

**FOR RESPONDENT:**     Brian Boynton, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Abigail E. Leach, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Harjit Singh, a native and citizen of India, seeks review of a December 1, 2020, decision of the BIA denying his motion to reconsider. *In re Harjit Singh*, No. A205 936 654 (B.I.A. Dec. 1, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed only the BIA's decision denying Singh's motion to reconsider because he did not timely petition for review of the BIA's underlying decision. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). We review the denial of a motion to reconsider for abuse of discretion. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 173 (2d Cir. 2008). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary

2

or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir. 2005).

A motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C); *see also* 8 C.F.R. § 1003.2(b)(1). "A motion for reconsideration is a request that the Board reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Jin Ming Liu*, 439 F.3d at 111 (quotation marks omitted). "The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected." *Id.*

The BIA did not abuse its discretion in denying reconsideration here. As the BIA found, Singh's motion did not identify specific errors of fact or law in the prior decision but rather urged the BIA to reevaluate the IJ's adverse credibility determination and rejection of his late-filed evidence. *See id.* Singh now argues that the BIA erred in finding his CAT claim waived on appeal and should have remanded to the IJ for further consideration of that claim; however, this argument is not properly before us because he did not raise it in his motion to reconsider. *See Lin Zhong v. U.S. Dep't of Just.*, 480 F.3d 104, 118–20 (2d Cir. 2007) (issue

3

exhaustion is mandatory); *Ke Zhen Zhao v. U.S. Dep't of Just.*, 265 F.3d 83, 89–90 (2d

Cir. 2001) (concluding that issues regarding IJ's decision were not properly before

us where the petition was timely only as to the denial of reconsideration).

    For the foregoing reasons, the petition for review is DENIED.  All pending

motions and applications are DENIED and stays VACATED.

          FOR THE COURT:
          Catherine O'Hagan Wolfe,
          Clerk of Court

4